UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRACY STRAIN  §<br>§<br>Plaintiff,  §<br>§<br>v.  §<br>§<br>2200 LAND, LLC, 2200 SAINT PAUL,  §<br>LLC, LAND 2200 LIMITED  §<br>PARTNERSHIP, O'CONNOR  §<br>MANAGEMENT, LLC, PATRICK C.  §<br>O'CONNOR, L.L.C., PATRICK  §<br>O'CONNOR & ASSOCIATES, INC.  §<br>D/B/A O'CONNOR & ASSOCIATES,  §<br>PATRICK O'CONNOR &  §<br>ASSOCIATES, L.P. D/B/A O'CONNOR  §<br>& ASSOCIATES, SAINT PAUL 2200  §<br>LIMITED PARTNERSHIP,  §<br>WINDSWEPT GARDENS, INC. and  §<br>PATRICK O'CONNOR, Individually,  §<br>§<br>Defendants.  § | CIVIL ACTION NO. _____ |

**ORIGINAL COMPLAINT**

**I.
SUMMARY**

1.      2200 LAND, LLC, 2200 SAINT PAUL, LLC, LAND 2200 LIMITED PARTNERSHIP, O'CONNOR MANAGEMENT, LLC, PATRICK C. O'CONNOR, L.L.C., PATRICK O'CONNOR & ASSOCIATES, INC. D/B/A O'CONNOR & ASSOCIATES, PATRICK O'CONNOR & ASSOCIATES, L.P. D/B/A O'CONNOR & ASSOCIATES, SAINT PAUL 2200 LIMITED PARTNERSHIP, WINDSWEPT GARDENS, INC., and PATRICK O'CONNOR, Individually (hereinafter "Defendants") required and/or permitted the Plaintiff, Tracy Strain, to work in excess of forty (40) hours

per week, but refused to compensate her for such hours at a rate of one and one-half times her regular rate of pay for all hours over forty (40) per workweek.

2.      Consequently, Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work.  *See* 29 U.S.C. § 207(a).

3.      Plaintiff is a former non-exempt employee of the Defendants. Defendants have violated the FLSA because they failed to pay Plaintiff overtime compensation at one and one-half times her regular rate, for hours worked in excess of forty (40) per workweek. Plaintiff brings this suit to recover unpaid overtime compensation owed to her, including liquidated damages in an amount equal to unpaid overtime wages and reasonable attorney's fees, costs and expenses of this action as provided by the FLSA.

## II.
## SUBJECT MATTER JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## III.
## PARTIES AND PERSONAL JURISDICTION

6.      Plaintiff, Tracy Strain, is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached as Exhibit "A."

7.      Defendant 2200 Land, LLC is a domestic limited liability company duly licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. This Defendant may be served process through

its registered agent: Patrick O'Connor, 2200 North Loop West, Suite 200, Houston, Texas 77018.

8. Defendant 2200 Saint Paul, LLC is a domestic limited liability company duly licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served with process by serving its registered agent as follows: Patrick O'Connor, 2200 North Loop West, Suite 200, Houston, Texas 77018.

9. Defendant Land 2200 Limited Partnership is a domestic limited partnership duly licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served with process by serving its registered agent as follows: Patrick O'Connor, 2200 North Loop West, Suite 200, Houston, Texas 77018.

10. Defendant O'Connor Management, LLC is a domestic limited liability company duly licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served with process by serving its registered agent as follows: Patrick O'Connor, 2200 North Loop West, Suite 200, Houston, Texas 77018.

11. Defendant Patrick C. O'Connor, LLC is a domestic limited liability company duly licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served with process by serving its registered agent as follows: Patrick O'Connor, 2200 North Loop West, Suite 200, Houston, Texas 77018.

12.     Defendant Patrick O'Connor & Associates, Inc. d/b/a O'Connor & Associates is a domestic corporation duly licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served with process by serving its registered agent as follows: Patrick O'Connor, 2000 North Loop West, Suite 110, Houston, Texas 77018.

13.     Defendant Patrick O'Connor & Associates L.P. d/b/a O'Connor & Associates is a domestic limited partnership duly licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served with process by serving its registered agent as follows: Patrick O'Connor, 2200 North Loop West, Suite 200, Houston, Texas 77018.

14.     Defendant Saint Paul 2200 Limited Partnership is a domestic limited partnership duly licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served with process by serving its registered agent as follows: Patrick O'Connor, 2200 North Loop West, Suite 200, Houston, Texas 77018.

15.     Defendant Windswept Gardens, Inc. is a domestic corporation duly licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served with process by serving its registered agent as follows: Patrick O'Connor, 2200 North Loop West # 200, Houston, Texas 77018.

16.     Defendant Patrick O'Connor is an individual residing in Texas and may be served with process at his place of residence: 2902 Fresco Drive, Katy, Texas 77449.

## IV.
## COVERAGE

17. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

21. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

22. Patrick O' Connor is the owner and manager of 2200 Land, LLC, 2200 Saint Paul, LLC, Land 2200 Limited Partnership, O'Connor Management, LLC, Patrick C. O'Connor, L.L.C., Patrick O'Connor & Associates, Inc. d/b/a O'Connor & Associates, Patrick O'Connor & Associates, L.P. d/b/a O'Connor & Associates, Saint Paul 2200 Limited Partnership, Windswept Gardens, Inc.

23. With respect to Defendant Patrick O'Connor, at all times relevant to this lawsuit he had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

## V.
## FACTS

24. Defendants operate a real estate service company. Defendants' services include, but are not limited to appraising commercial real estate properties, property tax reduction and federal tax reduction.

25. Defendants employed Plaintiff as a technical analyst for its commercial section. Plaintiff obtained standard form documents to be used by Defendants' tax agents and sales agents. Furthermore, Plaintiff performed data entry for Defendants' client database and for property tax databases.

26. Plaintiff had to consult with Defendants regarding all matters of significance, and therefore did not act with independent discretion or judgment as to any matter of significance.

27. Over the course of her employment, Plaintiff did not supervise other employees. Plaintiff had no input as to other employees' job assignments, hiring and firing, or training at Defendants' business.

28. Although Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, she was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. Instead, she was paid a straight salary with no compensation for working hours in excess of forty (40) per workweek.

29. Defendants' method of paying Plaintiff was in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

## VI.
## PLAINTIFF'S OVERTIME WAGE CLAIM

30. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

31. Defendants' practice of failing to pay for all overtime hours violates the FLSA 29 U.S.C. § 207.

32. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or Plaintiff.

## VII.
## DAMAGES SOUGHT

33. Plaintiff is entitled to recover her unpaid overtime compensation.

34. Plaintiff is entitled to an amount equal to all of her unpaid wages as liquidated damages. 29 USC § 216(b).

35. Additionally, Plaintiff is entitled to recover attorney's fees and costs as required by the FLSA and the Texas Labor Code. 29 U.S.C. § 216(b).

## VIII.
## PRAYER

36. For these reasons, Plaintiff respectfully requests judgment to be entered in her favor awarding her:

    A. overtime compensation for all unpaid hours worked at the applicable rate;

    B. an equal amount as liquidated damages as allowed under the FLSA;

    C. reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

    D. such other relief to which Plaintiff may be entitled to under the law or in equity.

Respectfully submitted,

**KENNEDY HODGES, L.L.P.**


By: __/s/ Galvin B. Kennedy_____
    Galvin B. Kennedy
    State Bar No. 00796870
    Federal Bar No. 20791
    711 W. Alabama St.
    Houston, Texas 77006
    Telephone: 713-523-0001
    Facsimile:  713-523-1116

**ATTORNEY IN CHARGE FOR PLAINTIFF**

OF COUNSEL:
Ricardo J. Prieto
State Bar No. 24062947
Federal I.D. No. 1001658
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile:  713-523-1116